UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:03-cr-0350-LRH-LRL |
| v. | ORDER |
| TORRES HYMON, | |
| Defendant. | |

Before the court are defendant Torres Hymon's ("Hymon") motion for reduction in sentence pursuant to 18 U.S.C. § 3582 (Doc. #1334[1]) and motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. #1337).

**I.    Facts and Procedural History**

On March 1, 2005, Hymon pled guilty to conspiracy to engage in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d). Doc. #586. Hymon was subsequently sentenced to eighty-seven (87) months incarceration. Doc. #815. Thereafter, Hymon filed the present motions for reduction in sentence (Doc. #1334) and to vacate, set aside, or correct his sentence (Doc. #1337).

///

---

[1] Refers to the court's docket number.

## II.     Motion for Reduction in Sentence (Doc. #1334)

Pursuant to 18 U.S.C. § 3582, a court may modify or reduce a petitioner's sentence if there has a been a post-sentencing reduction in the applicable sentencing guidelines for the underlying crime. 18 U.S.C. § 3582(c)(2). However, in order to modify a petitioner's sentence, the petitioner must establish that: (1) he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Sentencing Commission, and (2) the reduction in sentence must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010).

Here, the court has reviewed the documents and pleadings on file in this matter and finds that Hymon has failed to meet his burden to establish that the applicable sentencing guideline range related to his conviction was lowered. Nowhere in his motion does he identify any change in the sentencing guidelines for conspiracy to engage in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d). Thus, Hymon fails to meet his burden to show that he is entitled to a reduction in sentence and the court shall deny his motion accordingly.

## III.    Motion to Vacate, Set Aside, or Correct Sentence (Doc. #1337)

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

In his motion for relief under § 2255, Hymon argues that his counsel was constitutionally ineffective at sentencing because his counsel failed to object to a four (4) point enhancement for being an organizer or leader of the criminal enterprise. *See* Doc. #1337.

The Sixth Amendment to the Constitution provides that criminal defendants "shall enjoy

the right to have the assistance of counsel for his defense." U.S. Const. Amend. VI. To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient, and that petitioner was prejudiced as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining whether counsel's performance was deficient, the court must examine counsel's overall performance, both before and at trial, and must be highly deferential to the attorney's judgments." *Quintero-Barraza*, 78 F.3d at 1348 (citing *Strickland*, 466 U.S. at 688-89) (internal quotations omitted). Once a petitioner has established that counsel's performance was deficient, the petitioner "must then establish that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

After reviewing the documents and pleadings on file in this matter, the court finds that Hymon has failed to establish that his counsel's performance was constitutionally ineffective. Hymon fails to provide any basis for his claim that he was not an organizer of the criminal enterprise and therefore not entitled to the four (4) point enhancement. Rather, Hymon simply argues that counsel should have objected to this enhancement but fails to identify on which grounds his counsel could have objected or that such an objection would have been sustained in light of his acknowledgment in both the plea agreement and the plea hearing that he was a leader in the underlying criminal activity and that such evidence could be used in his sentencing determination. Thus, Hymon has failed to establish that his claim for ineffective assistance of counsel is anything but frivolous. Accordingly, the court shall deny his motion to vacate, set aside, or correct sentence.

///

///

///

///

IT IS THEREFORE ORDERED that defendant's motion for reduction in sentence (Doc. #1334) and motion to vacate or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. #1337) are DENIED.

IT IS SO ORDERED.

DATED this 26th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4